IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 4, 2007

### STATE OF TENNESSEE v. NAOMI LOVELL PREYER

**Appeal from the Circuit Court for Tipton County**
**No. 5320     Joseph H. Walker III, Judge**

---

**No. W2007-00905-CCA-R3-CD  - Filed February 26, 2008**

---

The Appellant, Naomi Lovell Preyer, appeals the sentencing decision of the Tipton County Circuit Court.  Pursuant to a plea agreement, Preyer pled guilty to identity theft and forgery, both Class D felonies.  Following a sentencing hearing, the trial court imposed concurrent sentences of twelve years, as a career offender, for each conviction and ordered that the sentences be served in confinement.  On appeal, Preyer asserts that the trial court's denial of a community corrections sentence was error.  Following review of the record, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

Gary F. Antrican, District Public Defender; and Periann S. Houghton, Assistant District Public Defender, Somerville, Tennessee, for the Appellant, Naomi Lovell Preyer.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and James Walter Freeland, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

On March 6, 2006, a Tipton County grand jury returned an indictment charging the fifty-three-year-old Appellant with one count of identify theft and one count of forgery, both Class D felonies.  On March 8, 2007, the Appellant pled guilty to the indicted charges under a plea agreement, which provided that the Appellant would be sentenced as a career offender and that the two Class D sentences would run concurrently.  The agreement further provided that the Appellant's entitlement to an alternative sentence would be submitted to the trial court.  The underlying facts of the instant case, as recited at the guilty plea hearing, are as follows:

The State's proof would be that on September 28, 2005, [the Appellant] can be identified as the person who passed the check of Karen Rose for $5,789 to Jerry's Polaris and got a four-wheeler ATV of that value, which has never been recovered. She can be identified and moreover gave a confession in the presence of Investigator Linda Gamblin in which she states she remembers getting a four-wheeler, didn't remember the exact location, but that she wrote the check the day she came to Covington and that she'd rather not tell who was with her, but that there is a check ring going on up here, being presumably Memphis, and that this was the first check that she, [the Appellant], had written here, being Covington or Tipton County, as far as she could remember. She indicated a willingness to help find the four-wheeler, but the four-wheeler was never found.

Karen Rose's checks had been stolen from her vehicle in Shelby County twelve days before. And besides using the name of Karen Rose in passing the check, the check had handwritten Ms. Rose's actual driver's license number and actual date of birth, so it's both forgery and an identity theft.

As noted by the State at the guilty plea hearing, because the Appellant was a career offender, the only sentence which could be imposed was a sentence of twelve years. Furthermore, at the plea submission hearing, the trial court advised the Appellant that because her sentence was in excess of ten years, the only available sentencing alternative was that of community corrections. These facts were acknowledged by the Appellant at the hearing.

A sentencing hearing was held on March 29, 2007, at which the State introduced certified copies of the Appellant's prior convictions, as well as the presentence report, which the Appellant stipulated was accurate. The presentence report reflects thirty-one prior convictions since 1983. These offenses include ten forgery convictions, five theft of property convictions, two fraudulent use of a credit card convictions, two driving with a revoked or suspended license convictions, two identity theft convictions, two convictions for violation of the bad check law, as well as single convictions for simple assault, speeding, failure to appeal, evading arrest, possession of drugs, DUI, fraudulent use of a driver's license, and mail fraud. The report further indicates that the Appellant has three separate cases pending in the Shelby County Criminal Court which charged, collectively, an additional five counts of forgery and one count of identify theft. Moreover, the report indicated that the Appellant was revoked from probation in 1995 and from parole in 2004 and, further, that the Appellant was placed on community corrections in 2006.

The Appellant testified at the hearing that she was "sorry that all this had happened." She stated that she had been diagnosed three years previously with a bipolar disorder for which she takes medication on a daily basis and that she suffered from a pulmonary embolism. The Appellant also stated that she did not remember committing all the crimes for which she was charged but that she pled guilty because she was "tired" and wanted to stop and get her life straightened out. She stated that if given a community corrections sentence, she would be living with her sister, who was a minister.

After hearing the evidence presented, the trial court found that the Appellant was not a proper candidate for an alternative sentence. Instead, the court ordered that the two concurrent twelve-year sentences be served in confinement. The Appellant now appeals that decision.

## Analysis

On appeal, the Appellant asserts that the trial court erred in refusing to grant her an alternative sentence, specifically community corrections. According to the Appellant, "[t]o incarcerate [her] fails to achieve any societal purpose or any statutory purpose set forth in the Tennessee Criminal Sentencing Reform Act of 1989 . . . , [and] [i]n fact, it fails to address the important statutory purpose of effective rehabilitation."

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2006); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby,* 823 S.W.2d at 169. Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. *State v. Winfield,* 23 S.W.3d 279, 283 (Tenn. 2000) (citing *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997). If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact that are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. *State v. Pike,* 978 S.W.2d 904, 926-27 (Tenn. 1998); *State v. Fletcher,* 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A defendant "who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." T.C.A. § 40-35-102(6) (2006).[1] However, because the Appellant was convicted as a career offender, this favorable sentencing consideration is inapplicable in this case. Nonetheless, the Appellant remains eligible for placement in a community corrections program; however, it is the Appellant's burden to show her entitlement to this sentencing option.

In denying the Appellant placement in the Community Corrections Program, the trial court made the following findings:

---

[1] Effective June 7, 2005, our legislature amended Tennessee Code Annotated section 40-35-102(6) by deleting the statutory presumption that a defendant who is convicted of a Class C, D, or E felony, as a mitigated or standard offender, is a favorable candidate for alternative sentencing options. We note the provision was also amended, effective July 1, 2007, to include a provision regarding defendants being sentenced for a third or subsequent felony conviction. *See* 2007 Tenn. Public Acts ch. 512 § 1. Though squarely addressing the Appellant's situation, the sentencing hearing in this case was conducted prior to the enactment of the 2007 amendment.

The Court has considered [the Appellant's] eligibility for alternate sentencing under the Alternate Sentencing Act of T.C.A. 40-36-106, and due to her circumstances, the Court finds it's not a proper case to transfer her sentence to service with alternate sentencing.

The Court finds, due to the seriousness of the offense; the [Appellant's] record, which is very extensive; the fact that she continues to persist in criminal behavior; that this occurred while on release status for a felony conviction, that confinement is necessary to avoid depreciating the seriousness of the offense and for deterrence, and that probation has been tried multiple times without success.

In addition, the [Appellant], by her testimony, has charges pending in other jurisdictions of a similar nature.

Measures less restrictive than confinement have been applied unsuccessfully, and that she possesses a criminal history evincing a clear disregard for the laws and morals of society and evincing a failure [of] past efforts at rehabilitation.

The record supports these findings. The Appellant admitted to seventeen prior felony convictions over the past twenty-five years. Moreover, measures less restrictive than confinement have been applied unsuccessful to the Appellant. The record reflects that the Appellant has received probation on, at least, one prior occasion and has been granted parole twice, with revocation resulting on each occasion. Indeed, the Appellant was on release status at the time she committed the instant offenses. The record demonstrates that the trial court in this case clearly considered the principles of sentencing and found that confinement was necessary. We conclude that the Appellant has not met her burden of proving that the trial court erred in determining the manner of service of her sentences.

**CONCLUSION**

Based upon the foregoing, the Appellant's sentences of confinement are affirmed.

_____
DAVID G. HAYES, JUDGE